IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JAMES LAWRENCE McCARTY,                §
TDCJ #2045586,                         §
                                       §
            Petitioner,                §
                                       §
v.                                     §
                                       §     CIVIL ACTION NO. H-18-0711
LORIE DAVIS, Director,                 §
Texas Department of Criminal           §
Justice - Correctional                 §
Institutions Division,                 §
                                       §
            Respondent.                §

### MEMORANDUM OPINION AND ORDER

James Lawrence McCarty has filed a Petition for a Writ of
Habeas Corpus By a Person in State Custody ("Petition") (Docket
Entry No. 1), seeking relief under 28 U.S.C. § 2254 from a murder
conviction entered against him in Harris County. Pending before
the court is Respondent Lorie Davis's Motion for Summary Judgment
With Brief in Support ("Respondent's MSJ") (Docket Entry No. 18).
In response McCarty has filed his own Motion for Summary Judgment,
Motion for Leave of Court, and Demand for Jury Trial, With Brief in
Support ("Petitioner's MSJ") (Docket Entry No. 30). McCarty has
also filed more than one motion to supplement the pleadings with
additional exhibits, authority, argument, and a new claim (Docket
Entry Nos. 29, 31, 32, 33). After considering all of the
pleadings, the state court record, and the applicable law, the

court will grant Respondent's MSJ and will dismiss this action for the reasons explained below.

## I. **Background**

A grand jury in Harris County, Texas, returned an indictment against McCarty in Case No. 1431305, charging him with causing the death of Cyril Jones by shooting her with a deadly weapon, a firearm.[1] On September 8, 2015, McCarty entered a plea of nolo contendere or no contest to the murder charges against him without an agreed recommendation from the State as to punishment, which would be determined by the trial court following a presentence investigation ("PSI").[2] After admonishing McCarty orally and in writing of the consequences of his plea, the trial court found him guilty and deferred making any further findings subject to the PSI.[3]

Probation officers with the Harris County Community Supervision and Corrections Department conducted an investigation and prepared a PSI Report regarding the incident that resulted in

---

[1]Indictment, Docket Entry No. 19-19, p. 11. For purposes of identification, all page numbers refer to the pagination imprinted by the court's electronic filing system, CM/ECF.

[2]Waiver of Constitutional Rights [and] Agreement to Stipulate ("Waiver and Agreement"), Docket Entry No. 19-19, pp. 57-58; Admonishments, Docket Entry No. 19-19, pp. 59-62; Court Reporter's Record, vol. 2, Plea to a PSI Hearing ("Plea Hearing"), Docket Entry No. 20-1.

[3]Admonishments, Docket Entry No. 19-19, pp. 59-62; Court Reporter's Record, vol. 2, Plea Hearing, Docket Entry No. 20-1.

the murder charges against McCarty.[4] According to the PSI Report McCarty was a passenger in a white van driven by the victim's husband, Willie Jones, when they stopped to buy some beer at a Valero gas station in Houston, Texas, on June 7, 2014.[5] The victim, who was seated in the front passenger seat, remained in the van along with an acquaintance named Myra Robinson.[6] When McCarty was unable to purchase beer because his credit card was declined, he became agitated and left the store.[7] McCarty then pulled out a .25 caliber automatic pistol and had a brief exchange with the victim before he shot her in the head, killing her as she was seated in the van.[8] When a bystander (Chance Perkins) attempted to intervene McCarty fired at him three times until someone else helped take McCarty to the ground.[9]

McCarty told investigators that he "really [didn't] know what happened," and did not recall the shooting or how he ended up in police custody.[10] McCarty denied being under the influence of drugs or alcohol on the day of the offense, but claimed that he had

---

[4]PSI Report, Docket Entry No. 20-3, pp. 5-33.

[5]Id. at 6.

[6]Id.

[7]Id.

[8]Id. at 6-7.

[9]Id. at 7-8.

[10]Id. at 8.

previously ingested some PCP or synthetic marijuana ("K-2") dipped in embalming fluid while partying with two women he did not know on the night before.[11]

The offense was captured on the gas station's surveillance video camera, which depicts McCarty leaving the store and approaching the victim while she was seated in the front passenger side of the van with the window rolled down.[12] The video shows that McCarty had words with the victim before firing a single shot at close range, striking her in the head, then being apprehended by Perkins, who happened to be passing by at the time.[13]

At a sentencing hearing in the 230th District Court for Harris County, held on January 20, 2016, Perkins testified that he saw McCarty shoot and kill the victim as she sat in the front passenger seat of the van.[14] A combat veteran who served in both Iraq and Afghanistan, Perkins recounted how McCarty shot at him three times as he struggled to take McCarty to the ground and that, in Perkins' opinion, McCarty was definitely trying to kill him during that altercation.[15]

---

[11]Id. at 8-9, 10-11, 17.

[12]Id. at 9 (summarizing the video); Video CD, Docket Entry No. 21 (DA28_File 20140607184430 at 18:48:10-35).

[13]Id.

[14]Court Reporter's Record, vol. 3, Presentence Investigation Sentencing Hearing ("PSI Sentencing Hearing"), Docket Entry No. 20-2, pp. 11-12, 15-16.

[15]Id. at 13-14, 16.

Willie Jones testified that he believed McCarty had smoked some PCP on the day the incident occurred because he had seen McCarty under the influence previously.[16] Jones testified that McCarty was not acting normally before they arrived at the gas station and that McCarty became agitated when his credit card was declined by the cashier.[17] While Jones was in the store attempting to cash in some lottery tickets, he saw McCarty start "flipping out" near the van.[18] Jones then saw McCarty shoot his wife, killing her.[19]

In support of the PSI Report McCarty's defense counsel provided numerous character-reference letters from friends and family members who described McCarty's work ethic, his reputation as a kind person, and his religious faith.[20] Defense counsel also called several character witnesses at the sentencing hearing who testified that McCarty's actions on the day of the offense were totally out of character.[21]

McCarty testified on his own behalf during the sentencing proceeding and denied doing any drugs the day of the offense.[22]

---

[16] Id. at 19, 28.

[17] Id. at 22-27.

[18] Id. at 27-31.

[19] Id. at 31-34.

[20] Attachment 'A' – Defendants' Character Reference Letters to the PSI Report, Docket Entry No. 20-3, pp. 21-33.

[21] Court Reporter's Record, vol. 3, PSI Sentencing Hearing, Docket Entry No. 20-2, pp. 45-62.

[22] Id. at 64.

When pressed to explain his behavior, McCarty reiterated the statement given previously to investigators by admitting that he had smoked some K-2 cigarettes that had been dipped in embalming fluid by two women he did not know on the evening before the offense occurred.[23]

After considering the PSI Report, the exhibits, and the testimony at the sentencing hearing, the trial court sentenced him to 55 years in prison.[24]

Although McCarty filed a notice of appeal from the judgment, his appointed counsel reviewed the record and filed a brief pursuant to <u>Anders v. California</u>, 87 S. Ct. 1396 (1967) (an "<u>Anders</u> brief"), certifying that in counsel's opinion the appeal was without merit.[25] The intermediate court of appeals agreed that the appeal was "wholly frivolous and without merit" and summarily affirmed the conviction in an unpublished opinion. <u>See</u> <u>McCarty v. State</u>, No. 14-16-00085-CR, 2016 WL 6238406, at *1 (Tex. App. — Houston [14th Dist.] Oct. 25, 2016).[26] Thereafter, the Texas Court of Criminal Appeals denied McCarty's <u>pro</u> <u>se</u> petition for discretionary review.[27]

_____

[23]<u>Id.</u> at 69-71.

[24]<u>Id.</u> at 88; Judgment of Conviction by Court - Waiver of Jury Trial, Docket Entry No. 19-19, p. 75.

[25]Brief For Appellant, Docket Entry No. 19-8.

[26]Memorandum Opinion, Docket Entry No. 19-3.

[27]Electronic Record, Docket Entry No. 19-18.

McCarty challenged his conviction by filing an Application for a Writ of Habeas Corpus Seeking Relief From Final Felony Conviction Under [Texas] Code of Criminal Procedure, Article 11.07 ("Application") with the trial court.[28] In his Application, McCarty raised the following claims:

1. His trial counsel was deficient for coercing his plea and a litany of other reasons.

2. The trial court abused its discretion by holding a hearing on the PSI Report, which amounted to a bench trial.

3. The trial court violated his right to due process at the sentencing hearing by denying him the right to cross-examine witnesses and admitting his statements in violation of the privilege against self-incrimination.

4. The evidence was factually and legally insufficient to support a finding of guilt.[29]

The trial court, which also presided over the plea and sentencing proceedings, entered findings of fact and concluded that McCarty was not entitled to relief.[30] The Texas Court of Criminal Appeals agreed and denied relief without a written order on March 7, 2018, adopting findings made by the trial court without a hearing.[31]

---

[28]Application, Docket Entry No. 20-14, pp. 5-21.

[29]See id. at 10-18.

[30]State's Proposed Findings of Fact, Conclusions of Law, and Order ("Findings and Conclusions"), Docket Entry No. 20-14, pp. 74-80.

[31]Action Taken on Application No. WR-87,220-03, Docket Entry No. 20-10. McCarty filed a previous state habeas application, which the Texas Court of Criminal Appeals dismissed on August 16, (continued...)

-7-

McCarty now contends that he is entitled to federal habeas relief from his conviction under 28 U.S.C. § 2254(d). McCarty's Petition, which the court has allowed him to supplement, raises the following claims that have been re-ordered by the court for purposes of analysis:

1. The state courts "failed to rule correctly" on the claims he presented on collateral review.

2. He was denied effective assistance of counsel because his trial attorney failed to adequately investigate or raise defenses and coerced his plea without mounting any defense.

3. He was denied effective assistance of counsel on direct appeal when his attorney filed an <u>Anders</u> brief.

4. His defense counsel allowed the trial court to hold an illegal PSI hearing for the purpose of securing an "involuntary plea."

5. The trial court erred by holding a PSI hearing.

6. His statements were admitted into evidence at the PSI hearing in violation of the Fifth Amendment privilege against self-incrimination.

7. He was denied the right to cross-examine witnesses at the PSI hearing.

8. The trial court treated the PSI hearing like a bench trial.

9. The evidence was factually and legally insufficient to support a finding of guilt.[32]

---

[31](...continued)
2017, for failure to comply with Tex. R. App. P. 73.1. <u>See</u> Action Taken on Application No. WR-87,220-01, Docket Entry No. 20-5. McCarty also filed a motion for leave to file a writ of mandamus, which the Texas Court of Criminal Appeals denied on that same day. <u>See</u> Action Taken on Application No. WR-87,220-02.

[32]Petition, Docket Entry No. 1, pp. 6-7, 18-26; Motion for Court's Leave to Amend Writ of H/C Title 28 U.S.C. § 2254, Docket
(continued...)

The respondent moves for summary judgment, arguing that Claims Five through Eight are barred by the doctrine of procedural default.[33] Noting that McCarty's plea was voluntarily and knowingly made, the respondent argues that his remaining claims are either waived or without merit.[34]

After the respondent moved for summary judgment, McCarty filed a series of motions in response. McCarty filed Petitioner's MSJ, which argues primarily that he is entitled to relief because he was denied effective assistance by his trial and appellate counsel.[35] McCarty filed Petitioner's Motion for Leave of Court, to Submit an Affidavit by Ruby Robinson, and Medical Records, with Brief in Support ("Motion to Supplement the Record") that seeks leave to obtain and submit additional evidence.[36] In addition, McCarty has filed a Motion [for] Leave to File Motion for Judicial Notice, Final Supplement with Brief in Support ("Motion for Judicial

---

[32](...continued)
Entry No. 8, pp. 1-3, which the court construed as a supplement to the petition, Docket Entry No. 9. Although many of McCarty's allegations are difficult to decipher, the court has reviewed all of his pro se pleadings under a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam); see also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) ("A document filed pro se is 'to be liberally construed[.]'") (quoting Estelle v. Gamble, 97 S. Ct. 285, 292 (1976)).

[33]Respondent's MSJ, Docket Entry No. 18, pp. 6-7.

[34]Id. at 7-22.

[35]Petitioner's MSJ, Docket Entry No. 30.

[36]Motion to Supplement the Record, Docket Entry No. 29.

Notice"), and a Motion [for] Leave to File to Add Supplemental
Argument Due to Newly Discovered U.S. Supreme Court Decision
("Motion to Provide Supplemental Argument"), asking the court to
take note of a recent Supreme Court case, <u>Wilson v. Sellers</u>, 138
S. Ct. 1188 (2018), and to consider additional argument based on
that decision.[37]  McCarty has also filed a Motion for Leave to
Consider Claim of Incorrect Date (Birth), on Indictment ("Motion to
Add New Claim"), challenging a deficiency in his indictment.[38]
McCarty's motions will be addressed below after the court has
addressed Respondent's MSJ under the governing standard of review.

## II.  <u>Standard of Review</u>

The federal habeas corpus standard of review requires a
petitioner to first present his claims in state court and to
exhaust all state court remedies through proper adjudication.  <u>See</u>
28 U.S.C. § 2254(b).  To satisfy the exhaustion requirement the
petitioner must present his claims to the highest state court in a
procedurally proper manner so that the state court is given a fair
opportunity to consider and pass upon challenges to a conviction
before those issues come to federal court for habeas corpus review.
<u>See, e.g.</u>, <u>O'Sullivan v. Boerckel</u>, 119 S. Ct. 1728, 1732 (1999)
(explaining that comity dictates that state courts should have the

---

[37]Motion for Judicial Notice, Docket Entry No. 31; Motion to
Provide Supplemental Argument, Docket Entry No. 32.

[38]Motion to Add New Claim, Docket Entry No. 33.

first opportunity to review a claim and provide any necessary relief). When a state court declines to address a prisoner's federal claims because he has failed to meet a state procedural requirement, or state remedies are otherwise rendered unavailable by a prisoner's own procedural default, federal courts are barred from reviewing the claims. See Coleman v. Thompson, 111 S. Ct. 2546 (1991); Sones v. Hargett, 61 F.3d 410, 416 (5th Cir. 1995).

To the extent that the petitioner's claims were adjudicated on the merits in state court, his claims are subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2254(d). Under the AEDPA a federal habeas corpus court may not grant relief unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). If a claim presents a question of fact, a petitioner cannot obtain federal habeas relief unless he shows that the state court's denial of relief "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

"'A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially

indistinguishable facts.'" Matamoros v. Stephens, 783 F.3d 212, 215 (5th Cir. 2015) (citations omitted). To constitute an "unreasonable application of" clearly established federal law, a state court's holding "must be objectively unreasonable, not merely wrong; even clear error will not suffice." Woods v. Donald, 135 S. Ct. 1372, 1376 (2015) (quoting White v. Woodall, 134 S. Ct. 1697, 1702 (2014)). This highly deferential standard "was meant to bar relitigation of claims already rejected in state proceedings and to preserve federal habeas review as "a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (quoting Jackson v. Virginia, 99 S. Ct. 2781, 2796, n.5 (1979) (Stevens, J., concurring)). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Woods, 135 S. Ct. at 1376 (quoting Richter, 131 S. Ct. at 786-87).

A state court's factual determinations are also entitled to deference on federal habeas corpus review. Findings of fact are "presumed to be correct" unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness extends not only to express factual findings, but also to implicit or "'unarticulated

-12-

findings which are necessary to the state court's conclusions of mixed law and fact.'" <u>Murphy v. Davis</u>, 901 F.3d 578, 597 (5th Cir. 2018) (quoting <u>Valdez v. Cockrell</u>, 274 F.3d 941, 948 n.11 (5th Cir. 2001)); <u>see also Garcia v. Quarterman</u>, 454 F.3d 441, 444-45 (5th Cir. 2006) (citing <u>Summers v. Dretke</u>, 431 F.3d 861, 876 (5th Cir. 2005); <u>Young v. Dretke</u>, 356 F.3d 616, 629 (5th Cir. 2004)). A federal habeas corpus court "may not characterize these state-court factual determinations as unreasonable 'merely because [it] would have reached a different conclusion in the first instance.'" <u>Brumfield v. Cain</u>, 135 S. Ct. 2269, 2277 (2015) (quoting <u>Wood v. Allen</u>, 130 S. Ct. 841, 849 (2010)). "Instead, § 2254(d)(2) requires that [a federal court] accord the state trial court substantial deference." <u>Id.</u>

### III. <u>Discussion</u>

### A. Claims Five Through Eight are Procedurally Barred

In Claims Five through Eight McCarty contends that the trial court erred by holding a PSI hearing or bench trial after McCarty waived his right to a trial, and that the trial court violated his right to cross-examine witnesses and his privilege against self-incrimination during the proceeding.[39] McCarty raised these issues for the first time in his state habeas Application, where the reviewing court declined to consider them.[40] The state habeas

---

[39]Petition, Docket Entry No. 1, pp. 20, 22.

[40]Findings and Conclusions, Docket Entry No. 20-14, Finding of Fact No. 22, p. 76.

-13-

corpus court found that these issues were record-based claims that should have been raised on direct appeal and were, therefore, "not cognizable" on collateral review.[41] The Texas Court of Criminal Appeals adopted these findings when it denied relief without a written order.[42]

Under Texas law habeas corpus review is not available for matters that could have and "should have been raised on appeal." Ex parte Carter, 521 S.W.3d 344, 347 (Tex. Crim. App. 2017) (citation omitted). Under this rule, "'[e]ven a constitutional claim is forfeited if the applicant had the opportunity to raise the issue on appeal. This is because the writ of habeas corpus is an extraordinary remedy that is available only when there is no other adequate remedy at law.'" Carter, 521 S.W.3d at 347-48 (quoting Ex parte Townsend, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004)).

The Fifth Circuit has recognized that this procedural rule, which requires that a petitioner raise any claims based on the trial record on direct appeal before raising them in a state habeas petition, is an "'adequate state ground capable of barring federal habeas review.'" Scheanette v. Quarterman, 482 F.3d 815, 827 (5th Cir. 2007) (quoting Busby v. Dretke, 359 F.3d 708, 719 (5th Cir. 2004)). Because the state habeas corpus court expressly based its dismissal on a state procedural rule found adequate to bar federal

---

[41]Id.

[42]Action Taken on Application No. WR-87,220-03, Docket Entry No. 20-10.

review, McCarty has procedurally defaulted the issues raised in Claims Five through Eight. See Rocha v. Thaler, 626 F.3d 815, 820-21 (5th Cir. 2010).

If a petitioner has committed a procedural default, federal habeas corpus review is available only if he can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that "failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 111 S. Ct. 2546, 2565 (1991). McCarty does not demonstrate cause for his default in this case.[43] McCarty likewise fails to establish prejudice or that his default will result in a fundamental miscarriage of justice because he has not provided the court with evidence that would support a "colorable showing of factual innocence." Kuhlmann v. Wilson, 106 S. Ct. 2616, 2627 (1986); see also Schlup v. Delo, 115 S. Ct. 851, 861 (1995) (describing actual innocence as a "'gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits'") (citation omitted). Accordingly, the court concludes that Claims Five through Eight are procedurally barred.

_____

[43]In Claim Three, McCarty contends that he was denied effective assistance of counsel on direct appeal. Ineffective assistance of counsel can constitute cause for purposes of excusing a procedural default. See Edwards v. Carpenter, 120 S. Ct. 1587, 1591 (2000). "Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution." Id. For reasons discussed in more detail below, McCarty has not shown that he was denied effective assistance of counsel on appeal. Accordingly, this allegation cannot qualify as cause and does not overcome the procedural bar.

**B.   Alternatively, Claims Five Through Eight Are Without Merit**

Even if not procedurally barred, McCarty does not demonstrate that his defaulted claims have merit. Although McCarty contends in Claims Five and Eight that the trial court erred by holding a PSI hearing or bench trial, the record shows that McCarty entered a plea of no contest to the charges against him without an agreed recommendation from the State as to punishment, which would be decided pursuant to a PSI.[44] The trial court explained what this meant to McCarty during the plea proceeding, advising McCarty that the court would assess his sentence after reading the PSI Report and holding a hearing.[45] McCarty acknowledged that he understood and indicated that he had discussed the process with his defense counsel, whom he described as "very thorough."[46] The trial court further explained that because McCarty had entered a plea of no contest the State would be required to present evidence of his guilt.[47] McCarty again acknowledged that he understood.[48]

Under Texas law "[a] plea of nolo contendere or no contest has the same legal effect as a plea of guilty except that such plea may not be used as an admission in any civil suit."   <u>Flores-Alonzo v.</u>

---

[44]Waiver and Agreement, Docket Entry No. 19-19, pp. 57-58; Admonishments, Docket Entry No. 19-19, pp. 59-62; Court Reporter's Record, vol. 2, Plea Hearing, Docket Entry No. 20-1.

[45]Court Reporter's Record, vol. 2, Plea Hearing, Docket Entry No. 20-1, p. 5.

[46]<u>Id.</u> at 5-6.

[47]<u>Id.</u> at 6.

[48]<u>Id.</u>

*State*, 460 S.W.3d 197, 201 (Tex. App. — Texarkana 2015, no pet.) (citing Tex. Code Crim. Proc. art. 27.02(5)). The State is required to substantiate a no-contest plea by presenting evidence that "embraces each essential element of the offense charged," but is not required to prove guilt beyond a reasonable doubt. *See id.* at 203 (citations omitted). Because the State was required to present proof of guilt to substantiate the plea, McCarty has not shown that the trial court erred by holding a PSI hearing that featured testimony from witnesses and evidence.

To the extent that McCarty asserts in Claim Seven that he was denied the opportunity to cross-examine witnesses at the PSI hearing, he expressly waived that right both in writing and in open court when he entered his plea.[49] The trial court addressed the written waiver during the plea hearing, confirming that McCarty was giving up the right to confront and cross-examine witnesses by pleading no contest, and McCarty indicated that he understood.[50] The record further reflects that McCarty's defense counsel had an opportunity to cross-examine each of the State's witnesses who testified at the PSI hearing.[51] McCarty does not propose any other

_____

[49]Admonishments, Docket Entry No. 19-19, p. 62 ("I waive and give up my right to a jury in this case and my right to require the appearance, confrontation and cross-examination of the witnesses."); Court Reporter's Record, vol. 2, Plea Hearing, Docket Entry No. 20-1, pp. 6-8.

[50]Court Reporter's Record, vol. 2, Plea Hearing, Docket Entry No. 20-1, pp. 6-8.

[51]Court Reporter's Record, vol. 3, PSI Sentencing Hearing, Docket Entry No. 20-2, pp. 14-17, 39-44.

questions she could have asked or shown that it would have made a difference in the outcome. Based on this record, McCarty does not show that his right to confront and cross-examine witnesses was violated.

McCarty's assertion in Claim Six, in which he claims that post-arrest statements that he made to law enforcement without the benefit of counsel were admitted at the PSI hearing in violation of the privilege against self-incrimination, also lacks merit. McCarty agreed to have his sentence determined by the trial court following a PSI hearing when he pled no contest without an agreed recommendation as to punishment.[52] During his interview for the PSI McCarty provided little in the way of inculpatory information, stating only that he did not remember the shooting because he had used synthetic marijuana possibly mixed with embalming fluid or PCP the day before the offense.[53] Texas courts have held that "there is no requirement that a defendant be warned of his right to refrain from self-incrimination prior to submitting to a routine, authorized presentence investigation." Garcia v. State, 930 S.W.2d 621, 624 (Tex. App. — Tyler 1996, no pet.) (citing Edwards v. State, 652 S.W.2d 519, 519-20 (Tex. App. — Houston [1st Dist.] 1983, pet. ref'd); Trimmer v. State, 651 S.W.2d 904, 906 (Tex. App. — Houston [1st Dist.] 1983, pet. ref'd); Stewart v. State, 675

---

[52]Waiver and Agreement, Docket Entry No. 19-19, pp. 57-58.

[53]PSI Report, Docket Entry No. 20-3, pp. 8-9, 10-11.

S.W.2d 524, 525 (Tex. App. — Houston [14th Dist.] 1983, pet. ref'd)); see also United States v. Woods, 907 F.2d 1540, 1543 (5th Cir. 1990) (holding that a probation officer's interview of a defendant without counsel during a presentence investigation did not violate the defendant's Fifth or Sixth Amendment rights).

The record shows that McCarty repeated the substance of his post-arrest statements on the witness stand at the PSI hearing when he testified on his own behalf.[54] A defendant waives the privilege against self-incrimination with respect to testimony given when he voluntarily testifies. See Mitchell v. United States, 119 S. Ct. 1307, 1311-12 (1999) (observing that a witness may not testify voluntarily and then invoke the privilege against self-incrimination when questioned about the details); Harrison v. United States, 88 S. Ct. 2008, 2010 (1968) ("A defendant who chooses to testify waives his privilege against compulsory self-incrimination with respect to the testimony he gives[.]"); Chavez v. State, 508 S.W.2d 384, 386 (Tex. Crim. App. 1974) ("[A]n accused, taking the stand on his own behalf, waives the privilege" against self-incrimination.) (citations omitted); Birdsong v. State, 82 S.W.3d 538, 543 (Tex. App. — Austin 2002, no pet.) (citing Brumfield v. State, 445 S.W.2d 732, 735 (Tex. Crim. App. 1969)).

McCarty does not cite authority or provide any argument showing that he is entitled to relief on the allegations he makes

---

[54] Court Reporter's Record, vol. 3, PSI Sentencing Hearing, Docket Entry No. 20-2, pp. 63-81.

in Claims Five through Eight. The Fifth Circuit has repeatedly emphasized that "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983) (citing Schlang v. Heard, 691 F.2d 796, 798 (5th Cir. 1982) (collecting cases)). For these additional reasons, McCarty is not entitled to relief on Claims Five through Eight.

## C. McCarty's Plea was Voluntarily and Knowingly Made (Claim Four)

McCarty alleges in Claim Four that his plea of nolo contendere was involuntarily or unknowingly made because the trial court held a hearing on the PSI although McCarty did not agree to a hearing.[55] The Fifth Circuit has observed that "because a plea of nolo contendere is treated as an admission of guilt, . . . , the law applicable to a guilty plea is also applicable to a plea of nolo contendere." Carter v. Collins, 918 F.2d 1198, 1200 n.1 (5th Cir. 1990) (citing Hudson v. United States, 47 S. Ct. 127, 129 (1926) and Norman v. McCotter, 765 F.2d 504, 509-11 (5th Cir 1985)). It is well established that "[a] guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." Montoya v. Johnson, 226 F.3d 399, 404 (5th Cir. 2000); see also Bradshaw v. Stumpf, 125 S. Ct. 2398, 2405 (2005) ("A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient

---

[55]Petition, Docket Entry No. 1, p. 7.

awareness of the relevant circumstances and likely consequences.'") (quoting Brady v. United States, 90 S. Ct. 1463, 1469 (1970)).

McCarty's claim was denied on state habeas corpus review, where the trial court pointed to documents in the record and found that McCarty was properly admonished orally and in writing of the consequences of his plea.[56] Because McCarty was properly admonished, his plea was presumed to have been voluntarily made as a matter of law.[57] The state habeas corpus court found that McCarty failed to overcome that presumption because he did not meet his burden to plead and prove facts showing that his plea was rendered involuntarily.[58] The state habeas corpus court concluded, therefore, that McCarty was not entitled to habeas relief on this claim.[59]

McCarty has not presented any evidence to rebut the findings of fact made by the state habeas corpus court, which are presumed correct on federal review. See 28 U.S.C. § 2254(e)(1). The presumption of correctness found in § 2254(e)(1) is "especially strong" where, as here, "the state habeas court and the trial court are one in the same." Mays v. Stephens, 757 F.3d 211, 214 (5th

---

[56]Findings and Conclusions, Docket Entry No. 20-14, Finding of Fact No. 12, p. 75.

[57]Id. at 76, Finding of Fact No. 13 (citing Mitschke v. State, 129 S.W.3d 130, 136 (Tex. Crim. App. 2004)).

[58]Id. at 78, Conclusions of Law Nos. 6, 7, 8, and 9 (citations omitted).

[59]Id., Conclusion of Law No. 11.

Cir. 2014) (citing <u>Clark v. Johnson</u>, 202 F.3d 760, 764 (5th Cir. 2000)); <u>Boyle v. Johnson</u>, 93 F.3d 180, 186 (5th Cir. 1996) (citing <u>May v. Collins</u>, 955 F.2d 299, 314 (5th Cir. 1992)).

In addition, the state habeas corpus court's findings are supported by official documents in the record, which include a waiver form signed by McCarty indicating that he intended to enter a plea of nolo contendere without an agreed recommendation as to punishment, which would be determined after a presentence investigation.[60] The waiver form is accompanied by a set of detailed written admonishments, in which McCarty specifically acknowledged that he understood the consequences of his plea and assured the trial court that it was "freely and voluntarily made."[61] Both of these forms are executed by McCarty, defense counsel, the prosecutor, and the trial court.[62] The record further confirms that the trial court discussed the plea, the waiver form, and related admonishments with McCarty, who acknowledged in open court that he understood the consequences of his decision to plead no contest.[63]

McCarty argues that his signature and the trial court's signature on the written admonishment form were "forged."[64] He

---

[60]Waiver and Agreement, Docket Entry No. 19-19, pp. 57-58.

[61]Admonishments, Docket Entry No. 19-19, p. 62.

[62]Waiver and Agreement, Docket Entry No. 19-19, p. 58; Admonishments, Docket Entry No. 19-19, p. 62.

[63]Court Reporter's Record, vol. 2, Plea Hearing, Docket Entry No. 20-1, pp. 3-10.

[64]Petition, Docket Entry No. 1, p. 7; Petitioner's MSJ, Docket Entry No. 30, p. 6.

provides no evidence in support of this claim, which is not
otherwise supported by the record. Official court records, such as
the waiver form and written admonishments executed by McCarty,
defense counsel, the prosecutor, and the trial court, "are entitled
to a presumption of regularity and are accorded great evidentiary
weight" on habeas corpus review. Hobbs v. Blackburn, 752 F.2d
1079, 1081-82 (5th Cir. 1985) (citations omitted). Likewise,
"[s]olemn declarations in open court carry a strong presumption of
verity." Blackledge v. Allison, 97 S. Ct. 1621, 1629 (1977); see
also United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002)
("Reviewing courts give great weight to the defendant's statements
at the plea colloquy."); DeVille v. Whitley, 21 F.3d 654, 659 (5th
Cir. 1994) ("Although their attestations to voluntariness are not
an absolute bar to raising this claim, Appellants face a heavy
burden in proving that they are entitled to relief because such
testimony in open court carries a strong presumption of verity.").
Representations made by the defendant, his lawyer, and the prose-
cutor at a plea hearing, as well as the findings made by the trial
judge accepting the plea, constitute a formidable barrier to any
subsequent collateral attack. See Blackledge, 97 S. Ct. at 1629.

McCarty's allegation that his signature was forged is also
refuted by representations that McCarty made in open court during
the plea hearing, where McCarty acknowledged that he signed the
waiver form along with the admonishments and that he understood the

-23-

consequences of his plea.[65] McCarty's unsupported allegations are not sufficient to overcome the presumption of regularity accorded to the written waiver and admonishment forms or the substantial barrier imposed by the representations that he made in open court. See Blackledge, 97 S. Ct. at 1629 (stating that "[t]he subsequent presentation of conclusory allegations unsupported by specifics" is inadequate to challenge a defendant's sworn declaration made during a plea colloquy). McCarty has not otherwise demonstrated that his plea was involuntarily or unknowingly made. Based on this record McCarty does not establish that the state habeas corpus court's decision to deny relief was unreasonable or contrary to clearly established law. Accordingly, McCarty is not entitled to relief on this claim.

**D.  McCarty Was Not Denied Effective Assistance by Trial Counsel**

In Claim Two McCarty alleges that he was denied effective assistance of counsel because his trial attorney failed to "raise all affirmative defenses available" by investigating an "insanity defense" or seeking his civil commitment on the grounds that he had ingested "illicit" drugs laced with embalming fluid on the evening before the offense occurred.[66] McCarty contends that his attorney should have requested blood tests to prove that he was insane or

---

[65]Court Reporter's Record, vol. 2, Plea Hearing, Docket Entry No. 20-1, pp. 6-8.

[66]Petition, Docket Entry No. 1, pp. 6, 18, 26.

that his mental state was compromised as the result of being intoxicated.[67] McCarty alleges that his trial attorney improperly coerced him to "sign his life away" and failed to defend him or challenge the evidence presented by the State during the PSI Sentencing Hearing.[68] In addition, McCarty contends that his counsel failed to challenge his "malicious, vindictive, unprofessional prosecution," which he believes was the result of "racial profiling by the State."[69]

Claims for ineffective assistance of counsel are governed by the standard announced in Strickland v. Washington, 104 S. Ct. 2052 (1984). To prevail under the Strickland standard a defendant must demonstrate (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. Id. at 2064. "To satisfy the deficient performance prong, 'the defendant must show that counsel's representation fell below an objective standard of reasonableness.'" Hoffman v. Cain, 752 F.3d 430, 440 (5th Cir. 2014) (quoting Strickland, 104 S. Ct. at 2064). This is a "highly deferential" inquiry; "[t]here is 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Id. (quoting Strickland, 104 S. Ct. at 2065).

---

[67]Id. at 18.

[68]Id.

[69]Motion for Court's Leave to Amend Writ of H/C Title 28 USC § 2254, Docket Entry No. 8, p. 2.

To satisfy the prejudice prong "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 104 S. Ct. at 2068. The prejudice inquiry under Strickland is altered in the guilty-plea context, where the defendant bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 106 S. Ct. 366, 370 (1985); see also Premo v. Moore, 131 S. Ct. 733, 743 (2011) (quoting Lockhart). A habeas petitioner must "affirmatively prove prejudice." Strickland, 104 S. Ct. at 2067. A petitioner cannot satisfy the second prong of Strickland with mere speculation and conjecture. See Bradford v. Whitley, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to demonstrate either deficient performance or actual prejudice. See Day v. Quarterman, 566 F.3d 527, 540-41 (5th Cir. 2009).

McCarty's allegations of ineffective assistance against his trial attorney were rejected on state habeas corpus review. The state habeas corpus court found that McCarty failed to "allege or prove that but for trial counsel's alleged deficient conduct, he would not have pled guilty and would have insisted on going to trial."[70] The state habeas corpus court also found that

[70]Findings and Conclusions, Docket Entry No. 20-14, Finding of Fact No. 14, p. 76.

"[McCarty's] conclusory allegation that trial counsel 'coerced' him into pleading guilty is not sufficient proof to warrant habeas corpus relief."[71]    The state habeas corpus court concluded, therefore, that McCarty failed to establish objectively unreasonable performance or actual prejudice as the result of his attorney's alleged deficiencies and that McCarty was not entitled to relief on his claim that trial counsel rendered ineffective assistance.[72]

As the state habeas corpus court correctly noted, McCarty does not allege that, but for any shortcoming on the part of his counsel, he would have pled not guilty and would have insisted on a trial.    More importantly, McCarty does not establish that his plea was involuntarily made for reasons outlined above.    Given the state court record, which contains both written and oral representations of voluntariness made in open court, McCarty's conclusory allegations are insufficient to show that his plea was coerced by counsel or anyone else.    See Day, 566 F.3d at 540-41; see also Lee v. United States, 137 S. Ct. 1958, 1967 (2017) (A reviewing court should not upset a guilty plea "solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies," but "should instead look to contemporaneous evidence to substantiate a defendant's

---

[71]Id., Finding of Fact No. 17 (citing Ex parte Empey, 757 S.W.2d 771, 775 (Tex. Crim. App. 1988)).

[72]Id. at 77-78, Conclusions of Law Nos. 1, 2, 3, and 4.

expressed preferences."). Thus, McCarty fails to show that he was denied effective assistance of counsel in connection with his plea or that the state habeas corpus court's decision was unreasonable in that regard.

Although McCarty makes many other allegations of ineffective assistance against his trial attorney,[73] the respondent correctly notes that ineffective-assistance claims and other nonjurisdictional defects unrelated to the validity of a defendant's plea are waived by a valid guilty plea and are therefore barred from consideration on federal habeas review.[74] See Tollett v. Henderson, 93 S. Ct. 1602, 1608 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983) (Once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived, including all claims of ineffective assistance of counsel that do not relate to the voluntariness of the guilty plea).

The respondent also correctly notes that McCarty does not support his allegations of ineffective assistance with facts

---

[73]See Petitioner's MSJ, Docket Entry No. 30, pp. 3-4 (listing additional issues).

[74]Respondent's MSJ, Docket Entry No. 18, pp. 12-14.

showing that counsel's performance was constitutionally deficient.[75] The Fifth Circuit has made clear that conclusory ineffective-assistance claims of the type made by the petitioner do not merit federal habeas corpus relief. See, e.g., Collier v. Cockrell, 300 F.3d 577, 587 (5th Cir. 2002) ("'This Court has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.'") (citing Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000)); Green v. Johnson, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."); Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990) (holding that the petitioner's conclusory allegations failed to establish a valid ineffective assistance of counsel claim).

After considering all of his allegations, the court concludes that McCarty has not shown that his counsel had, but failed to raise, a viable defense on his behalf or that the result of his proceeding would have been different if she had. Under these circumstances McCarty fails to show that the state habeas corpus court's decision was unreasonable, and he does not demonstrate that he is entitled to relief on his claim that he was denied effective assistance by his trial attorney.

---

[75]Id. at 15-16.

## E.  McCarty Was Not Denied Effective Assistance on Appeal

In Claim Three McCarty contends that he was denied effective assistance on appeal when his attorney filed an <u>Anders</u> brief.[76] Although the state habeas corpus court did not directly address this allegation, McCarty does not allege facts showing that his claim is meritorious.

To establish that appellate counsel's performance was deficient in the context of an appeal, the defendant must show that his attorney was "objectively unreasonable . . . in failing to find arguable issues to appeal — that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." <u>Smith v. Robbins</u>, 120 S. Ct. 746, 764 (2000) (internal citation omitted) (rejecting a claim that appellate counsel was deficient for filing an <u>Anders</u> brief).  If the defendant succeeds in such a showing, then he must establish actual prejudice by demonstrating a "reasonable probability" that, but for his counsel's deficient performance, "he would have prevailed on his appeal." <u>Id.</u>

McCarty does not allege any facts showing that his appellate attorney had, but failed to raise, a nonfrivolous issue during his direct appeal.  Likewise, he does not demonstrate that he would have prevailed or that the result of his appeal would have been any different if any particular issue had been raised.  Because he does

---

[76]Petition, Docket Entry No. 1, pp. 6, 18, 26.

not demonstrate deficient performance or actual prejudice in connection with his appellate attorney's efforts, McCarty has not established that he was denied effective assistance of counsel on direct appeal. Therefore, he is not entitled to relief on this issue.

## F. McCarty Waived His Challenge to the Sufficiency of the Evidence; Alternatively, the Claim is Without Merit

In Claim Nine McCarty contends that the evidence was insufficient to support a finding of guilt.[77] McCarty argues that the State failed to present evidence showing that his fingerprints were on the firearm or that there was any gunpowder residue on his person.[78] McCarty also argues that the credibility of the witnesses who testified against him at the PSI Sentencing Hearing was "questionable."[79]

The respondent correctly notes that McCarty waived any challenge to the sufficiency of the evidence by entering a plea of no contest, in which he stipulated that the evidence would establish his guilt.[80] See Tollett, 93 S. Ct. at 1608; see also

---

[77]Petition, Docket Entry No. 1, p. 24.

[78]Id.

[79]Id.

[80]Respondent's MSJ, Docket Entry No. 18, pp. 12-13. The record shows that McCarty attempted to raise this claim in his state habeas corpus Application, but that the trial court denied relief because challenges to the sufficiency of the evidence are "not cognizable" on collateral review. See Findings and Conclusions,

<u>Kelley v. Alabama</u>, 636 F.2d 1082, 1083-84 (5th Cir. Unit B 1981) (per curiam) (rejecting a habeas petitioner's attempt to challenge the sufficiency of the evidence in a guilty plea case). Moreover, the record confirms that the State presented ample evidence to corroborate the plea at the PSI Sentencing Hearing, which showed that McCarty committed the offense in plain view of the witnesses who testified against him.[81] The offense was also captured on surveillance video.[82] McCarty does not allege any facts undercutting the credibility or reliability of the evidence against him, which was more than sufficient to substantiate his plea and the trial court's finding of guilt. Accordingly, McCarty is not entitled to relief on this claim.

## G.  McCarty's Claim of Error on State Habeas Review

McCarty's only remaining claim (Claim One) is that he was denied due process on state habeas corpus because the reviewing court "failed to rule correctly" on his claims.[83] The respondent notes that this allegation does not articulate a viable claim for

---

Docket Entry No. 20-14, p. 77 (citing <u>Ex parte Christian</u>, 760 S.W.2d 659, 660 (Tex. Crim. App. 1988)). Although this appears to constitute a procedural default, the court does not address this issue because the claim fails for other reasons stated by the respondent.

[81]Court Reporter's Record, vol. 3, PSI Sentencing Hearing, Docket Entry No. 20-2, pp. 9-44.

[82]Video CD, Docket Entry No. 21 (DA28_File 20140607184430 at 18:48:10-35).

[83]Petition, Docket Entry No 1, p. 6.

relief on federal habeas review.[84] The Fifth Circuit has repeatedly held that "infirmities" or errors that occur during state collateral review proceedings "do not constitute grounds for relief in federal court." Rudd v. Johnson, 256 F.3d 317, 319 (5th Cir. 2001) (quoting Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir. 1999)) (citations omitted). Instead, a habeas corpus petitioner must demonstrate "constitutional error at the trial or direct review level" before a federal court may issue the writ. Morris v. Cain, 186 F.3d 581, 585 n.6 (5th Cir. 1999). McCarty has not done so here. Accordingly, this allegation must be dismissed for failure to state a claim.

Because McCarty has failed to establish that the claims presented in his Petition and supplemental pleadings have merit, Respondent's MSJ will be granted and Petitioner's MSJ will be denied. For reasons outlined briefly below, none of the other motions filed by McCarty demonstrate that he has a meritorious claim for relief. Therefore, this case will be dismissed.

## IV.  Petitioner's Motions

### A.  Petitioner's Motion to Supplement the Record

McCarty has filed a Motion to Supplement the Record with additional evidence.[85] In particular, McCarty requests leave to submit an affidavit from his sister, Ms. Ruby Robinson, and medical

---

[84]Respondent's MSJ, Docket Entry No. 18, pp. 7-8.

[85]Motion to Supplement the Record, Docket Entry No. 29, pp. 1-3.

records that show that he was treated at a local hospital for abnormal blood pressure due to drug use on June 9, 2014, two days after the offense occurred on June 7, 2014, but that no blood work was done to test for the presence of illicit drugs in his system.[86]

Federal habeas corpus review is ordinarily "limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). McCarty provides no explanation for his failure to present these exhibits in support of his Application for habeas relief in state court. The proposed evidence does not otherwise demonstrate that he is entitled to relief for reasons discussed briefly below.

McCarty provides thirty pages of medical records showing that he was treated at Ben Taub Hospital, which is operated by Harris Health System, on June 9, 2014, for symptoms associated with "[d]rug abuse."[87] During that treatment McCarty reported "drinking alcohol, smoking marijuana, and taking PCP" before the offense occurred and that he lost consciousness until he woke up the following day "in the back of a cop car."[88] McCarty argues that these medical records are evidence of his mental state on the day of the offense.[89]

_____

[86]Id.

[87]Medical Records from Harris Health System, Docket Entry No. 29-1, pp. 3-33.

[88]Id. at 7.

[89]Motion to Supplement the Record, Docket Entry No. 29, p. 1.

-34-

In addition to the medical records, McCarty provides a statement from Robinson, dated October 1, 2018, in which she claims that defense counsel was "totally inadequate" for the following reasons: (1) she discounted the fact that McCarty committed the offense while "under the influence of hallucinegenic [sic] drugs" because drug use was not a defense to the commission of a crime; (2) she did not contact several individuals (Reverend Kenneth R. Hackney, Samentrice Young, Reverend Carl Jones, Patricia Mays, Gloria Jean King, Michael and Sylvia Thomas, and Karl Schmidbauer) who could have served as character witnesses; and (3) she failed to conduct an adequate cross-examination of the State's witnesses.[90]

To the extent that McCarty contends that the medical records show that he was unconscious on the day of the offense, that statement is refuted by the record. McCarty admitted during his testimony at the PSI hearing that he remembered events that took place during the day the offense occurred, but that he could not recall what happened when the shooting took place, attributing his lack of recollection to the fact that he had used PCP the night before.[91] Although McCarty appears to contend that this evidence demonstrates that counsel failed to investigate or preserve evidence of drug usage that affected his mental state, it is well established in Texas that "'[v]oluntary intoxication does not

---

[90]Statement from Ruby Robinson, Docket Entry No. 29-1, p. 1.

[91]Court Reporter's Record, vol. 3, PSI Sentencing Hearing, Docket Entry No. 20-2, pp. 72-74.

constitute a defense to the commission of crime.'" <u>Davis v. State</u>, 313 S.W.3d 317, 328 (Tex. Crim. App. 2010) (quoting Texas Penal Code § 8.04(a)). Thus, Texas law "bars the use of evidence of voluntary intoxication to negate the culpable mental state of a crime." <u>Id.</u> at 329 (citations and internal quotation marks omitted).

Ruby Robinson's contention that defense counsel failed to contact character references on McCarty's behalf is also refuted by the record, which shows that defense counsel presented letters from Robinson and numerous individuals, including some of those she identified (Dorothy Gatson, Gloria Jordan-King, Kimberly Dorsey, Cynthia McCarty, Bernell Russell, Danyelle Dorsey, Pastor Carl P. Jones, Charles Robinson, Jr., and Brenda Gatson) in support of the PSI Report.[92] Defense counsel also called Robinson, Patricia Mays, and Karl Schmidbauer to testify in person during McCarty's sentencing hearing.[93] McCarty's claim that defense counsel failed to call these individuals as witnesses is without merit.

To the extent that defense counsel failed to contact or present testimony from any of the other individuals identified by Ms. Robinson, McCarty provides no statement from any other potential witness and he does not provide other information about

_____

[92]PSI Report, Docket Entry No. 20-3, pp. 22-33.

[93]Court Reporter's Record, vol. 3, PSI Sentencing Hearing, Docket Entry No. 20-2, pp. 45-62.

what they would have said if called to testify. "Claims of uncalled witnesses are disfavored, especially if the claim is unsupported by evidence indicating the witnesses's willingness to testify and the substance of the proposed testimony." Gregory v. Thaler, 601 F.3d 347, 352 (5th Cir. 2010) (citing Harrison v. Quarterman, 496 F.3d 419, 428 (5th Cir. 2007)). A petitioner who alleges ineffective assistance of counsel based on the failure to call either a "lay [or] expert witness[]" must "name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." Day v. Quarterman, 566 F.3d 527, 538 (5th Cir. 2009) (citations omitted). Absent a showing that a particular witness would have offered testimony favorable to the defense, a petitioner's claim is speculative and conclusory, and does not demonstrate either deficient performance or resulting prejudice on his trial counsel's part. See Sayre v. Anderson, 238 F.3d 631, 636 (5th Cir. 2001).

Robinson's criticism of defense counsel's cross-examination is similarly unsupported by specific facts showing that her performance was deficient. Robinson contends that defense counsel should have challenged the testimony given by Chance Perkins, who she claims should not have been "treated as a hero," but neither Robinson nor McCarty propose any particular question defense counsel could have asked that would have called his testimony into

question.[94]  Robinson also claims that defense counsel should have asked the victim's husband, Willie Jones, who saw McCarty shoot his wife in the head while he was standing inside the gas station, "why he didn't run out of the store to stop [McCarty] at any point."[95] McCarty offers no argument showing that the question, if asked and answered, would have changed the result in this case.  The mere allegation of inadequate performance during cross-examination is conclusory and insufficient to establish either deficient performance or actual prejudice.  See Day, 566 F.3d at 540 (citing United States v. Irby, 103 F.3d 126, *4 (5th Cir. 1996) (unpublished) (denying ineffective assistance claim based on counsel's failure "to adequately cross-examine a number of government witnesses" because petitioner "fail[ed] to set forth . . . the possible impact of any additional cross-examination"); Lincecum v. Collins, 958 F.2d 1271, 1279 (5th Cir. 1992) (denying habeas relief where petitioner "offered nothing more than the conclusory allegations in his pleadings" to support claim that counsel was ineffective for failing to investigate and present evidence)).

Because McCarty does not demonstrate that any of the proposed new evidence would entitle him to prevail, his Motion to Supplement the Record will be denied.

---

[94]Statement of Ruby Robinson, Docket Entry No. 29-1, p. 1.

[95]Id.

**B.  Petitioner's Motion for Judicial Notice and Motion to Provide Supplemental Argument**

McCarty has filed a Motion for Judicial Notice and a Motion to Provide Supplemental Argument regarding the applicability of a recent Supreme Court case, Wilson v. Sellers, 138 S. Ct. 1188 (2018).[96]  In Wilson the Supreme Court explained that when the most recent state court to consider a constitutional issue provides a "reasoned opinion," a federal habeas corpus court must "review[] the specific reasons given by the state court and defer[] to those reasons if they are reasonable." Id. at 1192.  If the opinion was made without a written explanation, a federal court should "'look through' the unexplained decision to the last related state-court decision" and "presume that the unexplained decision adopted the same reasoning." Id.  In other words, federal habeas corpus courts confronted with an unexplained state court decision "are to 'look through' the decision to an earlier state court opinion and presume that the earlier one provides the relevant rationale." Thomas v. Vannoy, 898 F.3d 561, 568 (5th Cir. 2018) (citing Wilson, 138 S. Ct. at 1192).

To the extent that McCarty asks the court to take notice of the holding in Wilson and his supplemental briefing, his motions will be granted.  McCarty does not show, however, that the holding

---

[96]Motion for Judicial Notice, Docket Entry No. 31, pp. 1-4; Motion to Provide Supplemental Argument, Docket Entry No. 32, pp. 1-3.

in <u>Wilson</u> or its application to the state court's decision in this instance benefits him in any way or makes a difference in this case. McCarty's contention that he is entitled to relief under <u>Wilson</u>, therefore, is without merit.

## C. Petitioner's Motion to Add a New Claim

McCarty has also filed a Motion that requests leave to add a new claim, challenging a deficiency in his indictment.[97] Specifically, McCarty contends that the indictment is defective because it incorrectly lists his birth date as June 1, 1958, when his actual date of birth is June 1, 1959.[98]

The indictment returned by the grand jury lists McCarty's birth date as "06-01-1959."[99] McCarty does not show that the indictment contains an error or that he would be entitled to relief if it did. The type of error he describes is the sort of non-jurisdictional defect that is waived by a valid guilty plea. <u>See</u> <u>Cothran</u>, 302 F.3d at 283 (noting that "standard waiver principles apply to defects in the indictment") (citing <u>United States v. Cotton</u>, 122 S. Ct. 1781, 1785-86 (2002)). Because McCarty does not establish a valid claim for relief, his Motion to Add a New Claim will be denied.

_____

[97]Motion to Add New Claim, Docket Entry No. 33, p. 1.

[98]<u>Id.</u>

[99]Indictment, Docket Entry No. 19-19, p. 11.

## V.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.  A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)).  Under the controlling standard this requires a petitioner to show that "jurists of reason could disagree with the [reviewing] court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Buck v. Davis, 137 S. Ct. 759, 773 (2017) (citation and internal quotation marks omitted).

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).  After careful review of the pleadings and the applicable law, the court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong.  Because the petitioner does not demonstrate that his claims could be resolved

in a different manner, a certificate of appealability will not issue in this case.

## VI. Conclusion and Order

The court **ORDERS** as follows:

1. Respondent Lorie Davis's Motion for Summary Judgment (Docket Entry No. 18) is **GRANTED**.

2. Petitioner James Lawrence McCarty's Motion for Summary Judgment (Docket Entry No. 30) is **DENIED**.

3. McCarty's Motion for Judicial Notice (Docket Entry No. 31) and Motion to Submit Supplemental Argument (Docket Entry No. 32) are **GRANTED**.

4. McCarty's Motion to Supplement the Record (Docket Entry No. 29) and Motion to Add a New Claim (Docket Entry No. 33) are **DENIED**.

5. McCarty's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DENIED**, and this action will be dismissed with prejudice.

6. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 23rd day of January, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE