IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES LAWRENCE MCCARTY, TDCJ #2045586, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-0711 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

## ORDER

On January 23, 2019, the court granted the respondent's Motion for Summary Judgment and dismissed the Petition for a Writ of Habeas Corpus filed by James Lawrence McCarty (Docket Entry No. 35). On March 15, 2019, McCarty's appeal from that decision was dismissed for want of prosecution after he failed to timely pay the filing fee. See McCarty v. Davis, No. 19-20109 (5th Cir.) (Docket Entry No. 43). McCarty has now filed a "Motion for Temporary Restraining Order and Preliminary Injunction" (Docket Entry No. 46), regarding limitations that he believes have been imposed on his ability to access the law library.[1] The Motion will be denied for the reasons explained briefly below.

---

[1] McCarty also objects to typographical errors found in a Notice issued by the clerk's office in connection with his appeal (Docket Entry No. 46, p. 1). Because the clerk's office has issued a written response to his concerns (Docket Entry No. 47), the court does not address them further other than to note that McCarty's appeal was not prejudiced in any way by the errors.

McCarty is currently incarcerated in the Texas Department of Criminal Justice ("TDCJ") at the Clements Unit in Amarillo. McCarty alleges that Officer Deana McBroom, who is described as a correctional officer assigned to provide security in the law library, has interfered with his visits to the law library by mistreating him in a hostile and unjustified manner (Docket Entry No. 46, p. 2). McCarty seeks a court order directing officials to allow him "access to the legal research material and the help of other prisoners" that he needs during law library sessions that do not involve Officer McBroom (Id. at 3).

Although there is no free-standing right to access a law library or legal assistance while in prison, prisoners do have a right to access the courts. See Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996); see also Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999) (observing that a prisoner's right to access the courts encompasses only a reasonably adequate opportunity to file non-frivolous legal claims challenging his conviction or conditions of confinement). To the extent that McCarty's allegations concern the conditions of his confinement with respect to his right to access the courts, his claims are actionable, if at all, in a civil rights complaint filed under 42 U.S.C. § 1983, and not in a habeas proceeding. See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994). Without expressing any opinion on the potential merits of McCarty's claim,

the court declines to reopen this closed federal habeas proceeding and re-characterize it as a civil rights action because the Clements Unit where McCarty is assigned and the complained of incidents occurred is located outside this court's jurisdiction in the Northern District of Texas, Amarillo Division.

Therefore, it is **ORDERED** that McCarty's Motion for Temporary Restraining Order and Preliminary Injunction (Docket Entry No. 46) is **DENIED**.

The Clerk will provide a copy of this Order to the parties.

**SIGNED** at Houston, Texas, on this 23rd day of April, 2019.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE